HON. HENRY McIVER, CHIEF JUSTICE.
HON. YOUNG J. POPE, ASSOCIATE JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.

## COLEMAN v. CURTIS.

1. COSTS—REFERENCES.—A party entitled only to the legal costs of an action at law, cannot be allowed items for attending references, which are provided for only in equity causes, it not appearing that the order of reference was by consent.

2. IBID.—WITNESSES.—Witnesses are entitled to fees for attendance and mileage in law actions as well as in equity causes.

Before FRASER, J., Chester, June, 1894.

Action by John K. Coleman against George W. Curtis. For the former appeal, see 41 S. C., 288.

*Mr. S. P. Hamilton*, for appellant.

*Mr. Hinton Curtis*, contra.

January 8, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. This is the second time this case has been before the Supreme Court on an appeal from the taxation of costs. On the former appeal this court rendered judgment as follows: "The judgment of this court is that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court, in order that the legal costs of an action at law, and no more, may be taxed." His honor, Judge Fraser, granted an order, referring it to the clerk of the court to tax the costs in the cause in accordance with the judgment of the Supreme Court. The plaintiff excepted to two items of costs allowed by the clerk of court in his report upon such taxation: $10 to defendant's attorney, for attending two references, and $9 to F. H. Reid, assignor, and his wife, for witness fees and mileage.

The only question for our consideration is, whether the judgment of the Supreme Court, *supra,* allows such costs. It nowhere appears in the "Case" that the plaintiff consented to an order of reference. The items of costs allowed defendant's attorney for attending the references are only to be found in the General Statutes, under the head, "Plaintiffs' and Defendants' Costs in *Equity* Causes." The Supreme Court having adjudged that the legal costs of an action *at law,* and no more, should be taxed, such items can not be allowed.

The fees and mileage of witnesses are allowed, irrespective of the fact whether the action is one on the law or equity side of the court. There is nothing in that "Case" which shows that Reed and his wife are not entitled to their fees and mileage.

It is the judgment of this court, that the order appealed from be modified in the particular herein mentioned, and that the cause be remanded to the Court of Common Pleas for Chester County for such further proceedings as may be necessary to carry out the views herein announced.